THE NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellant, *v.* FRANCISCO DE LA TORRE ET AL., Defendants and Appellees.

No. 5884. Argued November 21, 1932.—Decided January 24, 1933.

*Fiddler & Newsom Jr.*, for appellant. *J. Ramírez Santibáñez, R. Martínez Nadal*, and *Luis Muñoz Morales*, for appellee Francisco de la Torre. *Luis Llorens Torres* and *O'Neill & O'Neill* for the appellee spouses O'Neill de la Torre.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Appellees move to dismiss the present appeal upon the theory that an order dissolving in part an attachment is not appealable. Such an order is a decision within the meaning of section 14 of "An act to secure the effectiveness of judgments," aproved March 1, 1902 (Comp. Stat. 1911, section 5246), which provides that:

"Every decision of the court shall immediately be carried into effect, but the injured person may protest and declare his intention to take an appeal, as provided in the law of civil procedure, against the final judgment of the court."

Section 295 of the Code of Civil Procedure adopted in 1904 (Comp. Stat., sec. 5338), expressly provides for an appeal "from an order dissolving or refusing to dissolve an attachment."

Counsel for appellees have said about all that can be said in support of the motion. The question was decided by this Court in *Trautman* v. *Trautman & Acha*, 31 P.R.R. 255, and in *Santiago* v. *Maldonado et al.*, Id. 266. It was there held, as stated in the syllabus to the *Santiago* case, that—

"An appeal may be taken from an order refusing to annul an attachment independently of an appeal from the final judgment, on the condition that it be taken within ten days after the order is en-

tered, as provided in subdivision 3 of section 295 of the Code of Civil Procedure, which is not incompatible with section 14 of the Act to secure the effectiveness of judgments.''

If a brief such as the one now before us had been presented ten years ago in either of the cases just mentioned, perhaps a different conclusion might have been reached. Debatable questions of procedure should be regarded as settled when once determined by judicial decisions which have been followed in practice for a decade. Especially is this true where, as in the case at bar, the effect of a change in the established rule would be to render nugatory the later of two enactments which may be regarded as remedial and cumulative in its provision for an appeal ''from an order dissolving or refusing to dissolve an attachment.''

The motion must be denied.